IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAURICE ALYN MICKLING, SR., | No. 3:19-CV-01916 |
| Petitioner, | (Judge Brann) |
| v. | |
| WARDEN H. QUAY, | |
| Respondent. | |

MEMORANDUM OPINION

JULY 28, 2020

## I.  BACKGROUND

Presently before the Court is Petitioner Maurice Alyn Mickling, Sr.'s petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241, challenging five disciplinary decisions that resulted in the reduction of good time credit while Petitioner was incarcerated at the United States Penitentiary at Victorville in Victorville, California.[1]  Specifically, Petitioner argues that these disciplinary actions violated his right to due process, because he never received a copy of the written decisions of the disciplinary hearing officer.  Petitioner seeks the expungement of each disciplinary incident report and the reinstatement of good conduct time.[2]

---

[1]  Doc. 1. Petitioner was subsequently transferred to the United States Penitentiary at Canaan, in Waymart, Pennsylvania, after which he filed the instant petition.

[2]  *See id.*

Respondent submitted an answer, arguing that Petitioner has failed to exhaust his administrative remedies.[3] The answer did not address whether exhaustion should be excused in this instance, nor did it address the merits of the petition or include copies of the written DHO reports. Because due process requires that a prisoner receives a written statement of the evidence relied on and the reasons for the disciplinary action[4] and the failure to exhaust may be excused if, *inter alia*, the actions of the agency clearly and unambiguously violate a statutory or constitutional right,[5] the Court issued a supplemental briefing Order.[6] The Order directed the Respondent to address whether the failure to exhaust administrative remedies should be excused as well as the merits of Petitioner's due process arguments.[7]

Respondent has now filed the supplemental answer, explaining that no written DHO reports exist for the disciplinary decisions challenged by Petitioner, and thus those disciplinary reports have been expunged and 148 days of good conduct time has been restored.[8] Because of these actions, Respondent argues, the petition is now moot.

---

[3] Doc. 4.
[4] *See Wolff v. McDonnell*, 418 U.S. 539, 564-65 (1974).
[5] *See Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988).
[6] Doc. 8.
[7] *See id.*
[8] *See* Doc. 9.

## II. DISCUSSION

Article III of the Constitution provides that the judicial power of the United States shall extend only to "cases" and "controversies."[9] "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'"[10] "The mootness doctrine is centrally concerned with the court's ability to grant effective relief: '[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot.'"[11]

Here, Petitioner has received the relief he was requesting—expungement of the incident reports and restoration of good time credits. Because the Court can grant no further relief requested by Petitioner, the petition is now moot and must be dismissed.

---

[9] *See* U.S. Const. art. III; *see also Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990) (noting that "federal courts may adjudicate only actual, ongoing cases or controversies").

[10] *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)).

[11] *See Ehrheart v. Verizon Wireless*, 609 F.3d 590, 596 (3d Cir. 2010) (quoting *County of Morris v. Nationalist Movement*, 273 F.3d 527, 533 (3d Cir. 2001).

## III. CONCLUSION

For the reasons set forth above, the petition will be dismissed as moot. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge